IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

L. H. HAGGERTY,

     Plaintiff,

vs.

MATTHEW KRAMER, et al.,

     Defendants.

CV F 03 5560 AWI  WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the original complaint. Plaintiff, an inmate formerly in the custody of the California Department of Corrections at the Sierra Conservation Center at Jamestown, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Jamestown.

Plaintiff's sole claim in this complaint is that Defendants frustrated Plaintiff in his ability to pursue an inmate grievance. Specifically, Plaintiff contends that at a classification hearing, we was denied a reduction in custody level. Plaintiff contends that this was done improperly, and pursued a grievance of that decision. Plaintiff alleges that he was frustrated by Defendants in his ability to do so.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In general, prisoners have no liberty interest in their classification status. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Duffy v. Riveland, 98 F.3d 447, 457 (9th Cir. 1996); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Therefore, the denial of Plainitff's request for classification at a lower custody level did not deprive plaintiff of any constitutional right.

As for Plaintiff's claim regarding his grievance process, Plaintiff does not have a liberty interest protectible under the Fourteenth Amendment's due process clause to have inmate grievance forms properly processed by corrections employees. Sandin v. Conner, 515 U.S. 472, 484 (1995)(protected liberty interests generally arise from restraints that impose atypical and significant hardships); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)(prisoner does not have a Fourteenth Amendment liberty interest implicated in the processing of inmate grievance forms).

The court finds the allegations in plaintiff's complaint fail to state a claim. The complaint must therefore be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   June 20, 2006**            **/s/  William M. Wunderlich**
mmkd34                                   UNITED STATES MAGISTRATE JUDGE