IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


L. H. HAGGERTY,

         Plaintiff,                     CV F 03 5560 AWI  WMW P

     vs.                            FINDINGS AND RECOMMENDATION


MATTHEW KRAMER, et al.,

         Defendants.


       Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the July 5, 2006, first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend.   Plaintiff, formerly an inmate in the custody of the California Department of Corrections at the Sierra Conservation Center at Jamestown, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Jamestown.

       Plaintiff's sole claim in this complaint is that Defendants frustrated Plaintiff in his ability to pursue an inmate grievance.  Specifically, Plaintiff contends that at a classification hearing, we was denied a reduction in custody level.  Plaintiff contends that this was done improperly, and pursued a grievance of that decision.  Plaintiff alleges that he was frustrated by Defendants

1

1   in his ability to do so.

2       In the order dismissing the complaint, Plaintiff was advised of the following.   In general,

3   prisoners have no liberty interest in their classification status.  Moody v. Daggett, 429 U.S. 78,

4   88 n. 9 (1976); Duffy v. Riveland, 98 F.3d 447, 457 (9th Cir. 1996); Hernandez v. Johnston, 833

5   F.2d 1316, 1318 (9th Cir. 1987).  Therefore, the denial of Plaintiff's request for classification at a

6   lower custody level did not deprive plaintiff of any constitutional right.

7       As for Plaintiff's claim regarding his grievance process, Plaintiff does not have a liberty

8   interest protectible under the Fourteenth Amendment's due process clause to have inmate

9   grievance forms properly processed by corrections employees.  Sandin v. Conner, 515 U.S. 472,

10  484 (1995)(protected liberty interests generally arise from restraints that impose atypical and

11  significant hardships); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)(prisoner does not

12  have a Fourteenth Amendment liberty interest implicated in the processing of inmate grievance

13  forms).

14      The court found that the allegations in  complaint failed to state a claim.  The complaint

15  was therefore dismissed.  Plaintiff was granted leave to file an amended complaint.  Before the

16  court is Plaintiff's July 5, 2006 first amended complaint.

17      In the first amended complaint, Plaintiff restates generally the allegations of the original

18  complaint, adding factual specificity.  The hearing at issue occurred on November 19, 2002,

19  when Plaintiff appeared before the Unit Classification Committee.  Plaintiff sought a transfer to

20  another institution, which was denied on the ground that Plaintiff was subject to a federal hold.

21  Plaintiff contended that the issue of the hold had been resolved, and that he was entitled to at

22  transfer.  Plaintiff's request was denied.

23      On November 27, 2002, Plaintiff filed an inmate grievance, charging the members of his

24  hearing committee with staff misconduct.  On December 3, 2002, the grievance was returned to

25  Plaintiff with the ruling that he did not demonstrate any evidence of staff misconduct.   On

26

December 4, 2002, Plaintiff resubmitted the grievance, along with evidence of staff misconduct. On December 11, 2002, the grievance was returned to Plaintiff with the same ruling.   Plaintiff resubmitted the grievance on December 16,2002, with "further supporting evidence."   Plaintiff received the same ruling, and resubmitted his grievance on December 17, 2002.  On December 24th, Plaintiff's grievance was denied, along with the admonition "do not resubmit this." Plaintiff pursued "staff misconduct remedies" with a letter to the Office of the Inspector General.

On December 31, 2002, Plaintiff filed a grievance, "citing again the same unit classification committee misconduct as a whole and individually."   The response indicated that, to the extent that Plaintiff was filing an appeal of the classification decision, his appeal was granted.  On January 12, 2003, Plaintiff received notification that he had submitted a duplicate appeal.   On January 12, Plaintiff was interviewed by Counselor Howell, who advised Plaintiff that Counselor Martin, despite Plaintiff's grievance, could chair the Classification Committee. Plaintiff was advised that he could not be transferred due to budget cuts.   Plaintiff received a notification that "no decision has been carried out to date by committee."

Plaintiff contends that his attempts to file an inmate grievance were frustrated, and that he was improperly denied a transfer, or reclassification.   Plaintiff was specifically advised in the order dismissing the original complaint that he does not have a protectible interest in the prison grievance process, nor does Plaintiff have a protectible interest in a particular classification status.  Plaintiff has not alleged any facts that suggest that any of the named defendants engaged in conduct that deprived Plaintiff of a protectible interest.  This action must therefore be dismissed  with prejudice for failure to state a federal claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

1  failure to state a claim upon which relief can be granted.

2          These findings and recommendations are submitted to the United States District

3  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

4  twenty days after being served with these findings and recommendations, plaintiff may file

5  written objections with the court.  Such a document should be captioned "Objections to

6  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

7  objections within the specified time waives all objections to the judge's findings of fact.  See

8  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the

9  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

10  F.2d 1153 (9th Cir. 1991).

11

12

13

14  IT IS SO ORDERED.

15  **Dated:    July 17, 2006**              _____/s/  **William M. Wunderlich**_____

16  mmkd34                                   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

4